## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL DOLTER, Personal Representative of )
The Estate of Cathie Ann Dolter, )
                                                      )
      Plaintiff, )
                                                      )
      vs. ) Case No:
                                                      ) 3:08-cv-262-JPG/DGW
KEENE'S TRANSFER, INC., MARION BEATY, )
SCHNEIDER NATIONAL CARRIERS, INC., )
SCHNEIDER NATIONAL BULK CARRIERS, INC., )
SCHNEIDER NATIONAL LEASING, INC., )
AFJ, LLC, FLYING J, INC., d/b/a "Flying J Travel Plaza", )
DEAN OLDENKAMP, BEKINS VAN LINES, LLC )
and UNKNOWN ENTITIES, )
                                                      )
      Defendants. )

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on the motions to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6) filed by defendants Bekins Van Lines, LLC ("Bekins") (Doc. 44) and

Dean Oldenkamp ("Oldenkamp") (Doc. 46).  Plaintiff Michael Dolter, personal representative of

the estate of Cathie Ann Dolter, has responded to the motions (Docs. 53 & 55), and Bekins (Doc.

59) and Oldenkamp (Doc. 58) have replied to the respective responses.

This case arose after plaintiff's decedent, his wife Cathie Ann Dolter, was struck by a

tractor trailer at a Flying J Plaza truck stop, which was operated by defendant Flying J, Inc.  Cathie

Ann Dolter died several hours later.  The plaintiff alleges that the driver of the tractor trailer was an

agent of Bekins and that Oldenkamp was at all relevant times the president and manager of the

truck stop and was in charge of managing its day-to-day operations.

The plaintiff filed this lawsuit against a variety of entities, including Bekins, Flying J, Inc.

and Oldenkamp, alleging various negligence causes of action.[1]  Bekins asks the Court to dismiss

---

[1]The Court is uncertain exactly what claims are alleged against Bekins because the copy of
the complaint in the Court's file does not include pages 37 through 39.

the plaintiff's claims against it because it was not connected with the tractor trailer or its driver at the time of the incident. The plaintiff argues that such a connection exists as alleged in the complaint.

Oldenkamp asks the Court to dismiss the plaintiff's claims against him because he had stopped serving as the president and manager of the truck stop nearly two years before the incident in this lawsuit. The plaintiff admits that this is true but argues that Oldenkamp may still be liable.

As a preliminary matter, the Court addresses its jurisdiction to hear this case. Defendant Keene Transfer, Inc. removed this case from state court pursuant to 28 U.S.C. § 1441(a) based solely on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a). There is complete diversity between the plaintiff and the defendants, and the amount in controversy clearly exceeds the statutory minimum. However, Oldenkamp and Bekins are alleged to be citizens of Illinois, and § 1441(b) provides that a defendant may remove a case that does not assert a federal question "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In the notice of removal, Keene attempts to get around this "forum defendant rule" by arguing that Oldenkamp and Bekins were fraudulently joined. Whether they were fraudulently joined is irrelevant, however, because the plaintiff has waived any objection to removal by not making a motion to remand within 30 days of removal pursuant to 28 U.S.C. § 1447(c). The forum defendant rule is a procedural, non-jurisdictional argument and can be waived if not timely asserted. *See Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). The plaintiff has done just that, and must remain in federal court regardless of whether Oldenkamp and Bekins were fraudulently joined.

Both Bekins' and Oldenkamp's Rule 12(b)(6) motions to dismiss refer to matters outside the pleadings. Bekins refers to the affidavits of Ron Keene and Scott Ogden setting forth details

about the relationship of the tractor trailer, its driver and its load to Bekins, and Oldenkamp refers to the affidavit of Brooke Shreeve setting forth details regarding Oldenkamp's employment by Flying J, Inc.[2]  When such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or exclude the additional material from consideration.  *See* Fed. R. Civ. P. 12(d).  If it treats the motion as a summary judgment motion, it must give all parties a reasonable opportunity to present all material pertinent to the motion.  *Id.*

The Court will treat Bekins' and Oldenkamp's motions as motions for summary judgment. The Court believes consideration of matters outside the pleadings at this time is likely to expedite the resolution of the plaintiff's claims against Bekins and Oldenkamp.  Accordingly, the Court **ORDERS** the following briefing schedule:

- Oldenkamp shall have up to and including August 8, 2008, to file the missing affidavit of Brooke Shreeve.  He should file the affidavit using the docketing event "Affidavit" and link it to his pending motion;

- Dolter shall have up to and including August 29, 2008, to file supplemental responses setting out specific facts showing a genuine issue for trial of its claims against Bekins and Oldenkamp; and

- Bekins and Olkenkamp shall have up to and including September 12, 2008, to file supplemental replies.

The Court further **ORDERS** defendant Keene Transfer, Inc. to file a complete copy of the complaint using the docketing event "Exhibit" and linking it to the notice of removal.

**IT IS SO ORDERED.**
**DATED:  July 28, 2008.**

s/ J. Phil Gilbert
**United States District Judge**

---

[2]Although it refers to the affidavit, it has not attached it to its filing.