IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL DOLTER, Personal Representative of ) <br> The Estate of Cathie Ann Dolter, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KEENE'S TRANSFER, INC., MARION BEATY, ) <br> SCHNEIDER NATIONAL CARRIERS, INC., ) <br> SCHNEIDER NATIONAL BULK CARRIERS, INC., ) <br> SCHNEIDER NATIONAL LEASING, INC., ) <br> AFJ, LLC, FLYING J, INC., d/b/a "Flying J Travel Plaza", ) <br> DEAN OLDENKAMP, BEKINS VAN LINES, LLC ) <br> and UNKNOWN ENTITIES, ) <br> ) <br> Defendants. ) | Case No: <br> 3:08-cv-262-JPG/DGW |

**MEMORANDUM AND ORDER**

Now before the Court are the motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Schneider National Leasing, Inc. (Doc. 9), Schneider National Bulk Carriers, Inc. (Doc. 10) and Schneider National Carriers, Inc. (Doc. 11) (collectively, the "Schneider defendants"). The plaintiff has responded to the motions (Docs. 40, 41 & 42), and the Schneider defendants have filed a joint reply to those responses (Doc. 47).

**I.  Dismissal Standard**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic*, the Supreme Court held that this requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant "'fair notice of what the . . . claim is and the grounds upon

which it rests,'" *Bell Atl.*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and (2) contains factual allegations that plausibly suggest the plaintiff has a right to relief "above the speculative level," *Bell Atl.*, 127 S. Ct. at 1965.

In *Bell Atlantic*, the Supreme Court rejected *Conley v. Gibson*'s more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley*, 355 U.S. at 45-46. *Bell Atlantic*, 127 S. Ct. at 1968; *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 777 (7th Cir. 2007). Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 127 S. Ct. at 1965).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (citing *Erickson v. Pardus*, 127 S. Ct. 2197 (2007)). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 127 S. Ct. at 1964, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1965. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of

notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

## II. Alleged Facts

The allegations in the complaint establish the following relevant facts for the purposes of this motion.

Around 6 p.m. on January 21, 2008, Cathie Ann Dolter and plaintiff Michael Dolter, her husband, visited the Flying J Plaza truck stop in Granite City, Illinois. While Cathie Ann Dolter was walking across the parking lot she was struck from behind by a tractor-trailer driven by defendant Marion Beaty ("Beaty"). She died several hours later.

The truck tractor Beaty was driving was licensed to defendant Keene Transfer, Inc. ("Keene") and was towing a trailer owned by one of the Schneider defendants but leased to Keene. At the time, each of the Schneider defendants was engaged in the business of interstate trucking and shipment. Beaty was a Keene employee and was acting within the scope of his employment at the time of the accident.

Dolter filed this lawsuit against a variety of entities, including Beaty, Keene and the Schneider defendants. He alleges the Schneider defendants are liable for Beaty's negligence because each of them was a "statutory employer" of Beaty and had a duty to control leased equipment operated for its benefit. The plaintiff also alleges Beaty was acting as an agent for the Schneider defendants. The Schneider defendants ask the Court to dismiss the claims against them on the grounds that they are barred by 49 U.S.C. § 30106(a) and that the complaint fails to state a claim based on statutory employment.

**III.    Analysis**

All parties agree that 49 U.S.C. § 30106(a)[1] bars liability based solely on the fact that the Schneider defendants owned the trailer hauled by the rig involved in the accident. However, Dolter argues that the Schneider defendants are liable because Beaty was their agent or statutory employee.

A.    Agency

Dolter alleges that Beaty was acting as an agent for the Schneider defendants. It is true that state law of agency can provide a basis for holding a trailer owner vicariously liable for the acts of others in the scope of their authority. *See, e.g., Schramm v. Foster*, 341 F. Supp. 2d 536 (D. Md. 2004). In *Schramm*, the court confirmed that a driver may act as an agent for another and thereby subject the other to liability for his conduct within the scope of his agency under a *respondeat superior* theory of liability. *Id.* at 543. This is true whether the agency is express or implied. *Id.*

"Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by

---

[1] 49 U.S.C. § 30106(a) states:

An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –

(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

4

the other so to act." Restatement (Second) of Agency ("Restatement") § 1 (1958). "A master-servant relationship is a form of agency in which the master employs the servant as 'an agent to perform service in his affairs' and 'controls or has the right to control the physical conduct of the other in the performance of the service.'" *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 392 (1982) (citing Restatement § 2).

Dolter has not sufficiently pled an agency relationship. It is true that Dolter gives the Schneider defendants fair notice in the complaint that he claims Beaty was their agent. However, no facts alleged in the complaint plausibly suggest that such a legal relationship exists such that Dolter might have a claim for relief against the Schneider defendants on an agency theory. A complaint must contain more than labels and conclusions, *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), but that is all Dolter has provided to establish the existence of an agency relationship. In the absence of any supporting facts plausibly suggesting an agency relationship, the plaintiff's assertion of such a relationship does not rise above the level of speculation. Therefore, the complaint fails to state a claim for liability against the Schneider defendants on an agency theory.

B. <u>Statutory Employment</u>

Dolter also asserts a theory of "statutory employment." "Statutory employment" is a theory under which employer liability is imposed even when an employment relationship does not technically exist. Often such a relationship stems from Federal Motor Carrier Safety Administration regulation 49 C.F.R. § 376.12(c)(1). That regulation requires motor carriers who lease vehicles from others to "have exclusive possession, control, and use of the equipment for the duration of the lease" and to "assume complete responsibility for the operation of the equipment for the duration of the lease." 49 C.F.R. § 376.12(c)(1). This regulation gives carrier

5

lessees an incentive to assure the vehicles they lease are safely operated. *See Alford v. Major*, 470 F.2d 132, 134 (7th Cir. 1972). Under this regulation, the carrier lessee is vicariously liable as a matter of law for a driver's acts in driving the vehicle even if the driver is not an employee of the carrier lessee under state law employment principles such that the common law theory of *respondeat superior* applies. *Simmons v. King*, 478 F.2d 857, 867 (5th Cir. 1973)

This "statutory employment" theory cannot be used to hold the Schneider defendants liable for Beaty's or Keene's acts or omissions. Such a theory imposes liability on carriers who lease equipment, not on the equipment owners. Thus, while it is possible that Keene may be liable for Beaty's conduct under a "statutory employment" theory, the Schneider defendants will not be.

Dolter does not disagree with the foregoing analysis. Instead, he argues that Beaty could be a dual employee, that is, an employee of Keene and the Schneider defendants at the same time. Dolter cites *Dealer's Transport Co. v. Werner Transportation Company*, 203 F.2d 549 (8th Cir. 1953), in support of his argument. In *Dealer's Transport*, the Court found that a tractor-trailer driver was a dual employee of two transport companies that were jointly involved, either in a joint enterprise or as joint adventurers, in transport activities. *Id.* at 554. This case is distinguishable from *Dealer's Transport*, however, because the complaint does not allege dual employment liability or any kind of joint transport activity, does not give the Schneider defendants fair notice of what a dual employment theory of liability could be based on, and does not allege facts plausibly suggesting such a dual employment exists.

The plaintiff also argues that statutory and regulatory definitions demonstrate a statutory employment relationship. He notes that Beaty qualifies as an "employee" under 46 C.F.R. §

6

390.5[2], and that the Schneider defendants are "motor carriers" under 49 U.S.C. § 13102(14).[3] Dolter again cites *Schramm v. Foster*, 341 F. Supp. 2d 536 (D. Md. 2004), in support of his argument. In *Schramm*, a broker contracted with a carrier to haul a load of goods for a third party, and the tractor driver, an employee of the carrier, was in an accident that injured others. The court examined whether the broker was a statutory employer of the driver such that it would be liable for the driver's negligent conduct. *Id.* at 548-49. The court noted that the driver qualified as an "employee" under 46 C.F.R. § 390.5 but found that in the particular transaction at issue the broker was not functioning as a carrier. *Id.* at 549-50.

*Schramm* is not helpful except to the extent it holds that each situation must be examined on its own facts. *Id.* In the case at bar there is no dispute whether the Schneider defendants are brokers or carriers; it is clear they are carriers. Instead, the issue is whether, considering the specific allegations, the facts plausibly suggest the Schneider defendants were Beaty's statutory employers *at the time of the accident*. They do not. There is no suggestion that the Schneider defendants participated in the arrangement that resulted in Beaty's hauling the load for Keene such that Beaty could be considered the Schneider defendants' statutory employee. There can be no liability simply because a driver is someone's employee and a transport business is a motor

---

[2]49 C.F.R. § 390.5 state, in pertinent part,

*Employee* means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler.

[3]49 U.S.C. § 13102(14) defines a motor carrier as "a person providing motor vehicle transportation for compensation."

7

carrier where there is no connection between the "employee" and the carrier regarding the particular transaction in issue.

Because the facts in the complaint do not plausibly suggest an agency relationship or a statutory employment relationship, the complaint is insufficient under *Bell Atlantic*.

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** the Schneider defendants' motions to dismiss (Docs. 9, 10 & 11) and **DISMISSES** Counts X through XVIII **without prejudice**. The Court dismisses these claims without prejudice because it appears the plaintiff may be able to plead a set of facts plausibly suggesting relief is available from the Schneider defendants, although he failed to do so in the original complaint. The Court **ORDERS** that the plaintiff shall have up to and including August 22, 2008, to amend his complaint to allege such facts. Should he fail to amend his complaint by August 22, 2008, the Court will construe that failure as an admission that sufficient facts cannot be pled and will dismiss Counts X through XVIII with prejudice.

**IT IS SO ORDERED.**
**DATED:  August 5, 2008.**

s/ J. Phil Gilbert
**J. Phil Gilbert**
**United States District Judge**
